In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13037

_____

JAVON MARSHALL,

*Plaintiff-Appellant,*

*versus*

RODRICK ROBINSON,

*Defendant-Appellee,*

ORANGE COUNTY CORRECTIONS, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01377-RBD-NWH

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED in part, sua sponte, for lack of jurisdiction. Javon Marshall, pro se, seeks to appeal from the district court's: August 15, 2023 judgment; September 21, 2023 order

2                          Order of the Court                    25-13037

denying his motion for reconsideration; and August 12, 2025 order denying his two motions for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

Marshall's notice of appeal, filed on August 29, 2025, is untimely to challenge the August 15, 2023 judgment and the September 21, 2023 order denying his motion for reconsideration. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered if there is not a federal party). Marshall's first Rule 60 motion, filed in June 2025, did not toll the time to appeal from the August 2023 judgment or the September 2023 order. *See Wansor v. George Hantscho Co.*, 570 F.2d 1202, 1206 (5th Cir. 1978) (holding that a motion to reconsider an order denying a prior tolling motion generally cannot again toll the time to appeal from the judgment); *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) (holding that an appeal from the denial of an untimely Rule 60(b) motion does not bring up for review the underlying judgment); Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e), 60(b).

Marshall's notice of appeal is timely to challenge the district court's August 12, 2025 order denying his two Rule 60 motions. This appeal shall proceed only as to that order.